| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with<br>D.N.J.LBR 9004-1**<br><br>**STEWART LEGAL GROUP, P.L**.<br>*Formed in the State of Florida*<br>Gavin N. Stewart, Esq.<br>*Of Counsel to Bonial & Associates, P.C.*<br>401 East Jackson Street, Suite 2340<br>Tampa, FL 33602<br>Tel: 813-371-1231/Fax: 813-371-1232<br>E-mail: gavin@stewartlegalgroup.com<br>*Attorney for Secured Creditor* | Order Filed on August 8, 2020<br>by Clerk,<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>Linda Suppa,<br><br>                                            Debtor. | Chapter: 13<br><br>Case No.: 19-16879-SLM<br><br>Hearing Date: July 22, 2020<br><br>Judge: Stacey L. Meisel |

**CONSENT ORDER RESOLVING CERTIFICATION OF DEFAULT**

The relief set forth on the following page is hereby **ORDERED**.

**DATED: August 8, 2020**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Debtor:            Linda Suppa
Case No.:          19-16879-SLM
Caption of Order:  **CONSENT ORDER RESOLVING CERTIFICATION OF DEFAULT**

THIS MATTER having been opened to the Court upon the Certification of Default ("COD") filed by Specialized Loan Servicing, LLC, as servicing agent for Adjustable Rate Mortgage Trust 2005-2, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-2, U.S. Bank National Association, as Trustee ("Creditor"), and whereas the post-petition arrearage was $**29,330.58** as of July 15, 2020, and whereas the Debtor and Creditor seek to resolve the COD, it is hereby **ORDERED**:

1. The automatic stay provided under 11 U.S.C. §362(a) shall remain in effect as to Creditor's interest in the following property: **28 Underwood Road, Montville, NJ 07045** ("Property") provided that the Debtors comply with the following:

    a. On or before August 5, 2020, the Debtor shall file a modified plan providing for the curing the entire arrearage amount due;

    b. The Debtor shall resume making the regular contractual monthly payments directly to Creditor as each becomes due, beginning with the August 1, 2020 payment and continuing thereon per the terms of the underlying loan; and

    c. Remain current on all post-petition payment obligations, as well as all payments being paid through the Chapter 13 Plan.

2. The Debtor will be in default under the Consent Order in the event that the Debtors fail to comply with the payment terms and conditions set forth in above paragraphs and/or if the Debtor fails to make any payment due to Creditor under the Chapter 13 Plan.

3. If the Debtor fails to cure the default within thirty (30) days from the date of default, Creditor may submit a Certificate of Default to the Court on fourteen (14) days' notice to counsel

for Debtor and the Chapter 13 Trustee for an order lifting the automatic stay imposed under 11 U.S.C. §362(a) permitting Creditor to exercise any rights under the loan documents with respect to the Property.

4. Creditor is awarded reimbursement of attorney fees and costs in the amount of $350.00 to be paid through the modified plan.

**STIPULATED AND AGREED**:

Jamal J. Romero
Scura, Wigfield, Heyer & Stevens
1599 Hamburg Turnpike
Wayne, NJ 07470
*Counsel to Debtor*

/s/ Gavin N. Stewart
Gavin N. Stewart
Stewart Legal Group, P.L.
401 East Jackson Street, Suite 2340
Tampa, FL 33602
*Counsel to Creditor*